UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Richard Britton,

                Plaintiff,        Case No. 14-cv-14098
                                    Hon. Judith E. Levy
v.                                       Mag. Judge David R. Grand

Nationstar Mortgage, LLC,

                Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS [2]**

This is a mortgage foreclosure case. Pending is defendant Nationstar Mortgage's motion to dismiss. (Dkt. 2.) Pursuant to E.D. Mich. Local R. 7.1(f)(2), the Court will determine the motion without oral argument.

I.    Background

On December 13, 2006, plaintiff took out a $440,000 mortgage loan secured by real property located in Haslett, Michigan (the "Property"). The original lender and servicer was Bank of America,

N.A. Defendant took over servicing on November 1, 2013; Bank of America later assigned the mortgage to defendant on April 16, 2014.

In 2013, plaintiff experienced financial difficulties and was unable to make his monthly mortgage payments. On January 7, 2014, defendant notified plaintiff that he was in default. On January 15, plaintiff's counsel requested a loan modification meeting. On January 27, 2014, defendant sent another letter to plaintiff informing him the mortgage was past due.

On March 12, 2014, plaintiff received a letter from defendant's counsel informing him of foreclosure proceedings. On April 11, 2014, plaintiff requested verification of the mortgage debt. Defendant sent the verification on May 30, 2014. On June 11, 2014, plaintiff submitted a loan modification application to defendant, of which defendant acknowledged receipt on June 21, 2014. On June 22, 2014, defendant published and posted a notice of sheriff's sale to be held on July 16, 2014.

Over the next few weeks, plaintiff's counsel contacted defendant's representatives concerning the loan modification. Defendant contends that plaintiff failed to provide necessary paperwork to complete the

modification, specifically his Schedule 1065 forms for 2012 and 2013. Plaintiff contends that he eventually provided the necessary forms. During this time, the foreclosure sale was rescheduled from July 16, 2014 to July 23, 2014, and then to August 20, 2014. The sale was not held on August 20th, however.

On September 4, 2014, defendant rejected plaintiff's loan modification application, due to it being incomplete. Plaintiff cites a missing "second mortgage statement" as the reason proffered by defendant. Defendant rescheduled the foreclosure sale again to September 24, 2014. Plaintiff's counsel contends that he at some point contacted defendant's counsel, and discovered the foreclosure sale had been pushed back another week, to October 1, 2014.

Plaintiff sued defendant in Michigan state court on September 23, 2014, and on September 30, 2014 he obtained a temporary restraining order preventing the foreclosure sale. Defendant timely removed the action to this Court on October 24, 2014, and filed a motion to dismiss on October 31, 2014.

II. Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III. Analysis

Plaintiff's complaint asserts two claims: breach of contract by defendant for violating the contract between it and the federal government under the Troubled Asset Relief Program ("TARP"), and violation of M.C.L. § 600.3220 by virtue of defendant's failure to properly publish its adjournments of the foreclosure to August 20, 2014 and September 24, 2014. As each adjournment was longer than a week from the previous date, plaintiff contends that section 3220 required a particular form of publication that the defendant did not make.

A. Breach of Contract (TARP)

Defendant argues, correctly, that there is no private right of action under TARP. *See, e.g., Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D. Mich. 2010); *Yunanova v. BAC Home Loans Servicing, LP*, Case No. 10-CV-14156, 2012 WL 441161, at *6 (E.D. Mich. Feb. 10, 2012). Plaintiff does not address this argument in his response to the motion. Instead, he attempts to convert this claim into something he refers to as "breach of contract under statutory foreclosure," citing portions of Michigan state law related to loan modification.

At the motion to dismiss stage, the Court's task is to analyze the sufficiency of the *complaint* as pleaded by the plaintiff, not the plaintiff's response brief. *See Rush v. Fed. Home Loan Mortg. Corp.*, No. 13-11302, 2014 WL 1030842, at *1 (E.D. Mich. Mar. 17, 2014) (stating that "[a] motion for judgment on the pleadings, however, analyzes the sufficiency of the claims made in the complaint—not claims asserted in a *response brief*"); *Zemer v. American Home Mortg. Servicing, Inc.*, No. 11-15364, 2013 WL 766168, at *3 (E.D. Mich. Feb. 28, 2013) (finding plaintiff's allegation of breach of mortgage agreement "contradicts other

5

allegations in [plaintiff's] complaint and response brief" and dismissing claim on that basis).

Parties are not permitted to amend their existing claims or add new ones in the course of responding to a motion to dismiss. Further, plaintiff has not sought leave from the Court to amend his complaint if the Court dismisses the breach of contract claim contained in his complaint. Accordingly, the Court finds that the breach of contract claim actually contained in plaintiff's complaint is not viable as a matter of law, and dismisses it.[1]

### B. Violation of M.C.L. § 600.3220

Plaintiff also contends that defendant violated M.C.L. § 600.3220, which states that:

> [I]f any adjournment [of a foreclosure] be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned.

---

[1] The Court dismisses the fraud claim raised for the first time in plaintiff's response on these same grounds, as well.

Plaintiff asserts in his complaint that "[t]he foreclosure statutes must be strictly adhered to" and that "[f]ailure to follow the statute prohibits Defendant from proceeding with the foreclosure." (Dkt. 1-2 at ¶ 44.)

This is not an accurate statement of the law. The requirements of Michigan's foreclosure statutes "must be substantially complied with." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 109 (2012). As plaintiff points out in his response, "a defect in notice renders a foreclosure sale voidable, not void." *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 502 (2007). To void a mortgage, the plaintiff must make a "showing of actual prejudice." *Fawcett v. Wells Fargo Bank,* Case No. 13–cv–10591, 2013 WL 6181719, at *3 (E.D.Mich. Nov.26, 2013) (citing *Lessl v. CitiMortgage, Inc.,* 515 Fed. App'x 467, 469 (6th Cir.2013). "[N]o prejudice from inadequate notice can be found . . . when the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." *Id.* (citing *Lessl,* 515 Fed. App'x at 469) (internal punctuation omitted).

7

In terms of a violation of section 3220, prejudice can be found where, for instance, failure to comply would result in a plaintiff having no advance knowledge that the foreclosure was set to take place. *See, e.g., Jones v. Nationstar Mortg. LLC*, Case No. 14-11642, 2014 WL 5307168, at *5 (E.D. Mich. Oct. 16, 2014). In this case, plaintiff's does not contend that he was not on notice of the rescheduled foreclosure dates.

Plaintiff's complaint explicitly states that he was aware of the August 20, 2014 date on July 17, 2014, and aware of the September 24, 2014 on September 10, 2014. (Dkt. 1-2 at ¶¶ 24, 30.) In his response to this motion, plaintiff does not address the notice he received and how any defect in that notice prejudiced him. Instead, plaintiff argues that he "is prejudiced by not receiving a loan modification opportunity entitled under statutory foreclosure." (Dkt. 6 at 12-13.) Plaintiff conflates Michigan's statutory notice requirement with Michigan's statutory loan modification process requirements, and states that violation of the former somehow also constitutes violation of the latter.[2]

---

[2] The statutory basis for plaintiff's new loan modification argument is M.C.L. § 600.3205, which was repealed by Mich. Pub. Act 2014 No. 521, effective June 30, 2013. Although the Court need not reach the issue of

8

However, plaintiff may not convert a claim regarding a failure to provide notice of the date of foreclosure under M.C.L. § 600.3220 into a claim to comply with separate loan modification statutes in his response to defendant's motion. Even were the Court to construe plaintiff to be arguing that defendant's alleged failure to provide proper notice somehow *led* to the rejection of the loan modification application, plaintiff has failed to plead a connection between the two. Viewed in the light most favorable to the plaintiff, the timing of the adjournments of the foreclosure as described in his complaint and response gave him a *greater* opportunity to preserve his interest in the property, as he was afforded nearly two extra months to attempt to modify his loan, even if the modification was ultimately unsuccessful.

Based on the claim presented in plaintiff's complaint, plaintiff has not made any plausible claim that defendant's failure to comply with section 3220 prejudiced him in any way, or could have prejudiced him in any way. Accordingly, the Court dismisses plaintiff's section 3220 claim.

---

whether plaintiff can state a valid claim under this statute for a loan modification process that arose from a default that occurred after the statute's repeal, it is an issue that bears flagging for future foreclosure cases in Michigan.

IV. Conclusion

For the reasons stated above, it is hereby ordered that:

Defendant's motion to dismiss (Dkt. 2) is GRANTED; and

Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.


Dated: January 13, 2015                s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2015.

                                       s/Felicia M. Moses
                                       FELICIA M. MOSES
                                       Case Manager